OPINION
{¶ 1} Appellant, Anthony R. Haffa, appeals from the August 28, 2006 judgment entry of the Lake County Court of Common Pleas, in which he was sentenced for attempted aggravated arson and rape, as well as labeled a sexual predator.
 {¶ 2} On May 17, 2006, appellant was indicted by the Lake County Grand Jury on the following sixteen counts: count one, attempted aggravated arson, a felony of the *Page 2 
third degree, in violation of R.C. 2923.02; count two, attempted arson, a felony of the fifth degree, in violation of R.C. 2923.02; count three, rape, a felony of the first degree, in violation of R.C. 2907.02(A)(2); count four, sexual battery, a felony of the third degree, in violation of R.C. 2907.03(A)(5); count five, rape, a felony of the first degree, in violation of R.C. 2907.02(A)(2); count six, sexual battery, a felony of the third degree, in violation of R.C. 2907.03(A)(5); count seven, attempted rape, a felony of the first degree, in violation of R.C.2923.02; count eight, attempted rape, a felony of the second degree, in violation of R.C. 2923.02; count nine, rape, a felony of the first degree, in violation of R.C. 2907.02(A)(1)(b); count ten, rape, a felony of the first degree, in violation of R.C. 2907.02(A)(2); count eleven, attempted rape, a felony of the first degree, in violation of R.C.2923.02; count twelve, attempted rape, a felony of the second degree, in violation of R.C. 2923.02; count thirteen, rape, a felony of the first degree, in violation of R.C. 2907.02(A)(1)(b); count fourteen, rape, a felony of the first degree, in violation of R.C. 2907.02(A)(2); count fifteen, attempted rape, a felony of the first degree, in violation of R.C. 2923.02; and count sixteen, attempted rape, a felony of the second degree, in violation of R.C. 2923.02.[1] On May 19, 2006, appellant filed a waiver of the right to be present at his arraignment and the trial court entered a not guilty plea in his behalf.
 {¶ 3} On July 18, 2006, appellant withdrew his former not guilty plea, and entered an oral and written plea of guilty to the following three counts: count one, attempted aggravated arson, a felony of the third degree, in violation of R.C. 2923.02; counts three and ten, rape, felonies of the first degree, in violation of R.C. *Page 3 2907.02(A)(2). The trial court accepted appellant's guilty plea, and entered a nolle prosequi on the remaining counts. The trial court deferred sentencing and a sexual predator adjudication hearing. The matter was referred to the Adult Probation Department for a pre-sentence investigation and report, victim impact statement, and a psychiatric evaluation.
 {¶ 4} On August 21, 2006, the trial court held a joint sentencing and sexual predator hearing. At that hearing, appellee, the state of Ohio indicated the following: although appellant's score on the Static 99 risk assessment was not high, his background and clinical work with licensed clinical psychologist Jeffrey Rindsberg ("Dr. Rindsberg") indicated a high risk of appellant re-offending; appellant is a malinger; he refuses to accept responsibility for all of his actions that he committed; and Dr. Rindsberg strongly urged the court to label appellant a sexual predator. Thus, appellee believed that appellant should be labeled a sexual predator.
 {¶ 5} Appellant's counsel indicated the following at the hearing: he disagreed with the conclusions of Dr. Rindsberg; he stressed that appellant scored a two on the Static 99 risk assessment, which placed him in the moderate-low risk category; and noted that on the Rapid Risk Assessment, appellant scored a zero, again indicating that appellant has a low risk of re-offending. Therefore, counsel for appellant requested a sexually oriented offender classification rather than a sexual predator label.
 {¶ 6} According to the psychological report of Dr. Rindsberg, he determined with reasonable psychological certainty, that appellant is at least a moderate, if not higher, risk for sexual re-offending. He said that although the actual risk prediction instruments suggested that appellant was in the moderate-low category, there are numerous factors *Page 4 
related to the offense at issue which suggest that he is at a higher risk. Dr. Rindsberg referenced the following: the ongoing nature of the interaction with the victim and the fact that appellant meets the criteria for pedophilia and has a now-diagnosed attraction to prepubescent children, although that is not his only attraction; the deviant sexual preference for him, including attractions to his stepdaughter, the victim, is problematic; also problematic is the physical nature of the sexual attacks and attempted intercourse when the victim was younger, the threats to harm her, as well as the other factors reviewed under the statutory criteria. He opined that based on the foregoing, appellant has a high risk of sexual recidivism, and thus, he strongly urged the trial court to consider labeling appellant a sexual predator. {¶ 7} Pursuant to its August 28, 2006 judgment entry, the trial court found appellant to be a sexual predator, and sentenced him to the following: one year on count one; ten years on count three; and ten years on count ten, to run consecutive to each other for a total of twenty-one years imprisonment. Appellant was given one hundred forty-four days of credit for time already served. The trial court notified appellant that post release control was mandatory for a period of five years. He was also ordered to pay court costs and fees. It is from that judgment that appellant filed a timely notice of appeal and makes the following assignments of error:
 {¶ 8} "[1.] The trial court committed reversible error when it labeled [appellant] a sexual predator against the manifest weight of the evidence.
 {¶ 9} "[2.] The trial court erred when it sentenced [appellant] to a more-than-the-minimum, maximum and consecutive prison term for one count of rape in violation of the due process and ex post facto clauses of the Ohio and United States Constitutions. *Page 5 
 {¶ 10} "[3.] The trial court erred when it sentenced [appellant] to a more-than-the-minimum, maximum and consecutive prison term for one count of rape in violation of [appellant's] right to due process.
 {¶ 11} "[4.] The trial court erred when it sentenced [appellant] to a more-than-the-minimum, consecutive prison term for one count of rape based on the Ohio Supreme Court's severance of the offending provisions under Foster, which was an act in violation of the principle of separation of powers.
 {¶ 12} "[5.] The trial court erred when it sentenced [appellant] to a more-than-the-minimum, consecutive prison term for one count of rape contrary to the rule of lenity.
 {¶ 13} "[6.] The trial court erred when it sentenced [appellant] to a more-than-the-minimum, consecutive prison term for one count of rape contrary to the intent of the Ohio legislators."
 {¶ 14} In his first assignment of error, appellant argues that the trial court erred by labeling him a sexual predator against the manifest weight of the evidence. He contends that the evidence was not clear and convincing to prove that he is likely to commit a sexual offense in the future.
 {¶ 15} R.C. 2950.01(E)(1) defines a sexual predator as "[a] person [who] has been convicted of or pleaded guilty to committing a sexually oriented offense * * * and is likely to engage in the future in one or more sexually oriented offenses."
 {¶ 16} In making a determination as to whether an offender is a sexual predator, the trial court must look to and consider all relevant factors pursuant to R.C. 2950.09(B)(3), including:
 i. "(a) The offender's or delinquent child's age; *Page 6 
ii. "(b) The offender's or delinquent child's prior criminal or delinquency record regarding all offenses, including, but not limited to, all sexual offenses;
iii. "(c) The age of the victim of the sexually oriented offense for which sentence is to be imposed or the order of disposition is to be made;
iv. "(d) Whether the sexually oriented offense for which sentence is to be imposed or the order of disposition is to be made involved multiple victims;
v. "(e) Whether the offender or delinquent child used drugs or alcohol to impair the victim of the sexually oriented offense or to prevent the victim from resisting;
vi. "(f) If the offender or delinquent child previously has been convicted of or pleaded guilty to, or been adjudicated a delinquent child for committing an act that if committed by an adult would be, a criminal offense, whether the offender or delinquent child completed any sentence or dispositional order imposed for the prior offense or act and, if the prior offense or act was a sex offense or a sexually oriented offense, whether the offender or delinquent child participated in available programs for sexual offenders;
vii. "(g) Any mental illness or mental disability of the offender or delinquent child;
viii. "(h) The nature of the offender's or delinquent child's sexual conduct, sexual contact, or interaction in a sexual context with the victim of the sexually oriented offense and whether the sexual conduct, sexual contact, or interaction in a sexual context was part of a demonstrated pattern of abuse;
ix. "(i) Whether the offender or delinquent child, during the commission of the sexually oriented offense for which sentence is to be imposed or the order of disposition is to be made, displayed cruelty or made one or more threats of cruelty; *Page 7 
x. "(j) Any additional behavioral characteristics that contribute to the offender's or delinquent child's conduct."
 {¶ 17} The foregoing statutory criteria are intended to aid the trial court, which must determine by clear and convincing evidence, whether an offender is likely to commit one or more sexually oriented offenses in the future. Clear and convincing evidence is more than a mere preponderance of the evidence, yet does not rise to the level of evidence beyond a reasonable doubt. Cross v. Ledford (1954),161 Ohio St. 469, 477. Clear and convincing evidence is evidence which "`produces in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established.'" State v. Campbell (Dec. 22, 2000), 11th Dist. No. 99-L-012, 2000 Ohio App. LEXIS 6092, at 7, quotingCross, supra, at paragraph three of the syllabus. Thus, "* * * a reviewing court will examine the record to determine whether the trier of facts had sufficient evidence before it to satisfy the requisite degree of proof." State v. Schiebel (1990), 55 Ohio St.3d 71, 74.
 {¶ 18} The Supreme Court of Ohio has indicated that appellate courts use a manifest weight standard to review a trial court's finding that an offender is a sexual predator. State v. Cook (1998), 83 Ohio St.3d 404,426. Thus, if the trial court's finding that an offender is a sexual predator is supported by the weight of the evidence, then the court must also have had sufficient evidence before it to satisfy the requisite clear and convincing degree of proof. Therefore, when reviewing questions of weight, an appellate court must determine whether the state appropriately carried its burden of persuasion by engaging in a limited weighing of the evidence. State v. Davis (Dec. 31, 1998), 11th Dist. No. 97-L-246, 1998 Ohio App. LEXIS 6389, at 34. *Page 8 
 {¶ 19} In the instant matter, because appellant pleaded guilty to a sexually oriented offense, the first prong of R.C. 2950.01(E)(1) has been met. Therefore, this court must determine the second prong of R.C.2950.01(E)(1), namely, whether appellant is likely to engage in the future in one or more sexually oriented offenses.
 {¶ 20} In making its sexual predator determination, the trial court considered the pre-sentence report, psychological evaluation, and victim impact statement. The trial court relied upon numerous factors under R.C. 2950.09(B)(3) in supporting its finding that appellant is a sexual predator and stated the following in its August 28, 2006 judgment entry:
 {¶ 21} "a.) [Appellant] was thirty-six (36) years of age on Count 3 and twenty-nine (29) years of age on Count 10 at the time of the offenses;
 {¶ 22} "b.) [Appellant] does have a prior criminal record, to-wit: Domestic Violence conviction;
 {¶ 23} "c.) The victim of the sexually oriented offense for which sentence was imposed was seventeen (17) on Count 3 and ten to eleven (10/11) years of age (prepubescent) at the time of the crime;
 {¶ 24} "d.) The sexually oriented offense for which the sentence was imposed involved only one (1) victim;
 {¶ 25} "e.) There is evidence that [appellant] used drugs or alcohol to impair the victim or to prevent the victim from resisting, to-wit: on one occasion [appellant] blew smoke from a pipe into victim's mouth and the victim was unable to resist the sexual assault; *Page 9 
 {¶ 26} "f.) [Appellant] has had no prior sex offenses. [Appellant] has a prior domestic violence conviction and completed sanctions imposed;
 {¶ 27} "g.) [Appellant] does have a mental illness or mental disability, to-wit: malingering and pedophilia. [Appellant] is sexually attracted to females, nonexclusive type and attracted to prepubescent children;
 {¶ 28} "h.) There is evidence [appellant's] sexual actions were part of a demonstrated pattern of abuse:
 {¶ 29} "Abuse occurred for a period of time for seven (7) years;
 {¶ 30} "Multiple occurrences; forcing oral sex on the victim;
 {¶ 31} "Use of pornography to groom victim to perform sexual acts.
 {¶ 32} "i.) There is evidence the nature of [appellant's] actions during the commission of the sexually oriented offense displayed cruelty or threats of cruelty:
 {¶ 33} "[Appellant] threatened to kill the victim's family dog;
 {¶ 34} "[Appellant] punched the victim.
 {¶ 35} "j.) Additional behavioral characteristics that contributed to [appellant's] conduct include the following:
 {¶ 36} "Hypersexuality and the inappropriate way in which [appellant] dealt with it by sexually assaulting the victim;
 {¶ 37} "[Appellant] took no responsibility for sexually abusing the victim before she turned seventeen (17);
 {¶ 38} "[Appellant] is a sexual deviant with interests in children;
 {¶ 39} "[Appellant] identifies with children;
 {¶ 40} "[Appellant] exhibits antisocial traits; *Page 10 
 {¶ 41} "Dr. Rindsberg's recommendation that [appellant] be labeled a sexual predator despite rating a moderate-low on actuarial tests."
 {¶ 42} The evidence presented at the sexual predator hearing, as well as the trial court's foregoing cogent analysis regarding the applicable R.C. 2950.09(B)(3) factors, clearly establish that the trial court was presented with clear and convincing evidence that appellant is likely to re-offend sexually in the future. The trial court considered the following: appellant's age as well as the young age of the victim; his prior criminal record; the fact that appellant used drugs or alcohol to impair the victim or to prevent the victim from resisting; appellant's mental illness or mental disability, i.e. malingering and pedophilia; his actions were part of a demonstrated pattern of abuse; appellant's actions displayed cruelty or threats of cruelty; his hypersexuality; the fact that he took no responsibility for sexually abusing the victim before she turned seventeen; appellant is a sexual deviant with interest in children; he exhibits antisocial traits; and Dr. Rindsberg's recommendation, strongly urging that he be labeled a sexual predator. Thus, based on the foregoing factors, the trial court properly labeled appellant a sexual predator.
 {¶ 43} Appellant's first assignment of error is without merit.
 {¶ 44} With respect to appellant's second, third, fourth, fifth, and sixth assignments of error, we note that the issues contained in those assignments have recently been addressed by this court in State v.Elswick, 11th Dist. No. 2006-L-075, 2006-Ohio-7011[2] Thus, based on our decision in Elswick, appellant's second, third, fourth, fifth, and sixth assignments of error are without merit. *Page 11 
 {¶ 45} For the foregoing reasons, appellant's assignments of error are not well-taken. The judgment of the Lake County Court of Common Pleas is affirmed.
CYNTHIA WESTCOTT RICE, P.J., concurs, DIANE V. GRENDELL, J., concurs in judgment only.
[1] The instant charges stem from appellant's sexual conduct over a period of seven years with the victim, his step-daughter, as well as an attempt to commit arson in his home.
[2] In Elswick, the appeal dealt with more than the minimum sentences. However, the same analysis applies to maximum and consecutive sentences. *Page 1